**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| |
|---|
| Civil Action No. 05-CV-86 RPM (MJW) |
| Air Control Science, Inc., a Nevada Corporation |
|        Plaintiff, |
| v. |
| Martin Engineering Company, an Illinois Corporation |
|        Defendant. |
| |
| **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

Pursuant to F.R.C.P. 26(c), THE PARTIES STIPULATE AND AGREE that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, witness interviews and any other information produced, given or exchanged by and among the parties and non-parties to this action.

A protective order is necessary in this case to prevent the improper dissemination and use of privileged or proprietary material to parties not involved in this litigation. Certain information to be produced in discovery involves privileged or proprietary information. Accordingly, the parties believe that compelling reasons exists and request that this Court enter a protective order limiting the use of such documents and depositions. The parties seek a protective order to assure that any such information be kept confidential. The parties have entered into this Stipulation for the purpose of facilitating the efficient production of information that the producing party may claim is entitled to confidential treatment.

**DEFINITIONS**

For the purposes of this Order the following definitions shall apply:

**"Discovery Material"** means all documents, depositions, deposition exhibits, responses

to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties to this action.

"**Document**" is defined as provided in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

"**Confidential Discovery Material**" means Discovery Material designated as "Confidential" under the terms of this Order.

"**Attorney Eyes Only Confidential Material**" means Discovery Material designated as "Attorney Eyes Only Confidential" under the terms of this Order.

"**Producing Party**" means any party or non-party to this action producing Discovery Material.

"**Designating Party**" means any Producing Party or other party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

## TERMS OF CONFIDENTIALITY

1. Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material is confidential and implicates commons law and/or statutory privacy interests of the parties, that is, Discovery Material that contains privileged material, material subject to the work-product doctrine, or non-public, proprietary, commercially sensitive, competitively sensitive or highly personal information that requires the protections provided in this Order.

2. Confidential Discovery Material, and information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

3. The designation of Discovery Material as "Confidential" for purposes of this Order

shall be made in the following manner by any Producing or Designating Party:

 A. In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by stamping the same with the legend "Confidential" or otherwise labeling the document as "Confidential" in a manner that will not interfere with the document's legibility.

 B. In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Confidential." Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned, provided such written notice is promptly give to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

 C. In the case of any other production of Discovery Material not otherwise covered by this Order, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential."

 4. A Producing Party shall have the right to designate Discovery Material consisting of competitively sensitive financial information and business plans as "Confidential" where the Designating Party believes in good faith that he, she or it would be entitled to such a restriction under Rule 26(c)(7) of the Federal Rules of Civil Procedure. This may include, without limitation, Discovery Material that the Producing Party claims constitutes trade secrets, confidential commercial information, business plans, projections and other forward looking information, budgets, general marketing information and budgets, general financial information (including historical financial information), and other confidential or privileged matter. The parties agree to use their best efforts, acting in good faith, to limit such designations to material that truly warrants the special treatment accorded such material hereunder.

 5. Discovery Material designated as "Confidential" shall not, without the written consent of the party producing it or further Order of the Court, be disclosed, except that, such information may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

  A.\_\_\_ The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

  B.\_\_\_ Any named party, outside counsel to such parties who have entered appearances in this action, in-house counsel for the corporate parties herein, and clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

  C.\_\_\_ Experts witnesses or consultants retained by counsel in connection with this action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  D.\_\_\_ Deposition witnesses questioned by counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order, or (ii) if such witness refuses to sign an Undertaking, and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness that the information to be communicated is Confidential, subject to a Confidentiality Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, and that any misuse of the Confidential Discovery Material will violate the Court's Order and may be punished as a contempt of Court.

  E.\_\_\_ An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

  F. Other persons by written agreement of the parties.

 6.\_\_\_ A party may designate Confidential Discovery Material as "Attorneys Eyes Only" only after making a good-faith determination that the information or documents include or constitute confidential and proprietary information which, if disclosed to the other party, rather than his, her,

4

or its counsel, could result in serious injury or harm to the designating party's business interests. Confidential Discovery Material that can be designated as "Attorneys Eyes Only" includes, without limitation, Discovery Material relating to: prices, revenues, costs, profits or losses, business or marketing plans, research and development, trade secrets, personal information, information relating to customers, partners, and contractors, and other similar information. Information or documents designated as "Attorneys Eyes Only" may not be disclosed to any persons or entities other than the following:

    A.____ The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    B.____ Any mediator or arbitrator involved in this case, and those who assist them;

    C.____ Outside counsel of record, including local counsel, for any party (i.e., counsel for a party who is not an employee of the party or its affiliates), and the partners, associates, and staff of such outside counsel;

    D.____ In-house counsel, employees, and agents of the Disclosing Party;

    E.____ Outside consultants and/or experts per the terms of this Protective Order;

    F.____ Stenographers and court reporters solely for the purpose of transcribing and/or recording testimony in this case;

    G.____ Other persons as ordered by the Court or agreed to in writing or on the record by the parties; and

    H.____ Independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation or related settlement/mediation attempts.

7.____ Designation of "Attorney Eyes Only" Confidential Material shall be made in good faith and in the same manner as stated in paragraph 3 of the Order concerning Confidential Discovery Material. In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), however, such designation shall be made by stamping the same with the legend "Attorney Eyes Only Confidential" or otherwise labeling the document as "Attorney Eyes Only

Confidential" in a manner that will not interfere with the document's legibility.

8.\_\_\_\_ Notwithstanding anything contained in paragraphs 4 or 5, Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling such expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions herein, or to otherwise assist counsel in the prosecution or defense of this action, and provided that such expert or consultant (a) is not currently employed by, engaged by, or directly advising any competitor of the Designating or Producing Party with respect to any business matter materially related to the subject matter of this action, and (b) agrees not to provide any such advice within the six months after such expert's or consultant's services has been completed in connection with this action; and (c) is using said information solely in connection with this action. Before receiving any such material, such consultant or expert shall sign an Undertaking in the form attached hereto as Exhibit B, thereby agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder.

9.\_\_\_\_ No copies of Confidential Discovery Material or Attorney Eyes Only Confidential Material shall be made except by or on behalf of the persons listed in subsections (A), (B) and (C) of paragraph 5, above. To the extent such authorized persons require copies of Confidential Discovery Materials or Attorney Eyes Only Confidential Material, any such copies shall be used solely for the purposes of this action.

10.\_\_\_\_ When filing any documents which contain information which has been designated Confidential Discovery Material or Attorney Eyes Only Confidential Material, such documents shall be filed and served separately and in accordance with the Local Rules for the Federal District Court for the District of Colorado ("Local Rules"), the Electronic Case Filing ("ECF") Procedures, and the ECF User Manual for such district so that such documents are sealed from public view. All such materials so filed shall be released from confidential treatment only upon

further order of the Court. Service of such Confidential Discovery Material or Attorney Eyes Only Confidential Material on all counsel for the named parties shall be in accordance with such Local Rules and ECF procedures, and be accompanied by a cover page or similar designation as provided under the Local Rules. All other documents not designated as Confidential Discovery Material or Attorney Eyes Only Confidential Material shall be filed separately in accordance with such Local Rules and ECF procedures so that they are otherwise made publicly available.

11.\_\_\_\_ If the receiving party objects to the designation of any Discovery Materials as "Confidential," or Attorney Eyes Only Confidential Material, the receiving party's objection shall be by giving written notice of the disputed Discovery Material to the Designating Party. Such written notice shall identify the information to which the objection is made. The parties shall attempt to resolve the dispute in good faith. However, if the parties cannot resolve the objection, it shall be the obligation of the non-Designating Party to file an appropriate motion requesting that the Court determine whether the disputed Discovery Material should be subject to the terms of this Order. If such motion is made, the Discovery Material shall continue to be deemed Confidential Discovery Information under the terms of this Order, until the Court rules on such motion. In connection with a motion filed under the paragraph, the Designating Party shall bear the burden of establishing that good cause exists for the disputed Discovery Material to be treated as "Confidential" or "Attorney Eyes Only Confidential."

12.\_\_\_\_ In the event that any Confidential Discovery Material or Attorney Eyes Only Confidential Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*. No party who has received Confidential Discovery Material or Attorney Eyes Only Confidential Material shall offer it into evidence, or otherwise tender it to the Court in any court proceeding, without first advising the Court and the Designating or Producing Party of its intent to do so. At that point, the Designating Party may seek such protection from the Court as it deems

appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records. The use of Confidential Discovery Material or Attorney Eyes Only Confidential Material in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be, necessary to protect the confidentiality of such material.

13. _____ If the Producing Party refuses to produce certain documents on the grounds of privilege, including without limitation, upon grounds of attorney-client privilege or attorney work product, such Producing Party shall prepare and produce a privileged document log identifying each document and its source, as well as the grounds relied upon for such non-production. Specifically, the privileged document log, should include, at a minimum, the name(s) of who created the specified document and the recipient(s) thereof, a bate-stamped number or similar designation that specifically identifies the subject document, the date(s) the document was created, and the type(s) of privilege relied upon by the Producing Party. Such privilege log shall be prepared and produced to the party requesting such information together with the production of the Discovery Material or within ten (10) days thereafter.

14. _____ The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals therefrom. Within forty days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material or Attorney Eyes Only Confidential Material was disclosed, all persons having received Confidential Discovery Material or Attorney Eyes Only Confidential Material shall, at the option of the Designating Party, either return such material and all copies thereof (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material and/or Attorney Eyes Only Confidential Material and certify in writing to the Producing and Designating Parties or their counsel that such destruction has occurred. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product which contain Confidential Discovery

Material or Attorney Eyes Only Confidential Material or references thereto; <u>provided</u> that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to court order or agreement with the Producing Party and Designating Party. If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, demand, or any other legal process seeking Discovery Material by one not a party to this action which was produced or designated as Confidential Discovery Material in this action, the Receiver shall give prompt written notice to the Producing and Designating Parties, and shall, unless otherwise ordered by a court, decline to produce the Discovery Material on the basis of the existence of this Order.

15.\_\_\_\_ In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material or Attorney Eyes Only Confidential Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

16.\_\_\_\_ Neither this Order, the producing or receiving of Confidential Discovery Material or Attorney Eyes Only Confidential Material hereunder, nor otherwise complying with the terms of this Order shall:

A.\_\_\_ Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material or Attorney Eyes Only Confidential Material;

B.\_\_\_ Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

  C.\_\_\_ Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

  D.\_\_\_ Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

  E.\_\_\_ Prejudice in any way the rights of a party to contest the designation of any Discovery Material as privileged, "Confidential," or "Attorney Eyes Only Confidential;"

 17.\_\_\_ Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material or Attorney Eyes Only Confidential Material that such party produced and designated as Confidential Discovery Material or Attorney Eyes Only Confidential Material in connection with this action.

 18.\_\_\_ Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material or Attorney Eyes Only Confidential Material shall be treated at trial. This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard, if requested.

Dated: July \_\_\_\_\_, 2005.

BROWNSTEIN, HYATT & FARBER, PC


Peter J. Korneffel, Jr. Esq.
410 17th Street, 22nd Floor
Denver, CO  80202-4437
(303) 223-1116        BARNES & THORNBURG, LLP

ATTORNEYS FOR PLAINTIFF

                _____
                Dennis M. McWilliams
                Jeffrey R. Gray

One North Wacker Drive
Suite 4400
Chicago, IL 60606-2833
(312) 357-1313

AND

Peter Gergely
MERCHANT & GOULD
1050 17th Street
Suite 1950
Denver, CO 90265-0100
(303) 357-1670

ATTORNEYS FOR DEFENDANTS

## **ORDER**

Dated this 7th day of July, 2005.              BY THE COURT:

                                                                         s/Richard P. Matsch
                                                                         _____

EXHIBIT A

---

**UNDERTAKING PURSUANT TO ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

---

1. I have read the foregoing Order dated, _____, 2005, that governs the treatment of Confidential and Discovery Material, as defined in the Confidentiality Stipulation and Protective Order ("Order"), in the action styled <u>Air Control Science, Inc. v. Martin Engineering Company</u>, civil action number 05-CV-86, in Federal District Court for the District of Colorado.

2. I have been informed that materials being shown or provided to me contain information that has been designated Confidential Discovery Material, as defined in the Order.

3. I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Discovery Material except as authorized in the Confidentiality Stipulation. I further represent that I will not use any Confidential Discovery Material for any purpose other than the Litigation, and that, at the termination of the Litigation, I will return all Confidential Discovery Material with which I have been provided to the counsel from whom I received such Discovery Material.

4. I hereby agree to abide by the terms of the Order.

5. For the purposes of enforcing the terms of the Order, I hereby submit to the jurisdiction of the Federal District Court for the District of Colorado.

Printed Name: _____

Dated: _____      Signature: _____

EXHIBIT B

**UNDERTAKING PURSUANT TO ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

1. I have read the foregoing Order dated, _____, 2005, that governs the treatment of Confidential and Discovery Material, as defined in the Confidentiality Stipulation and Protective Order ("Order"), in the action styled <u>Air Control Science, Inc. v. Martin Engineering Company</u>, civil action number 05-CV-86, in Federal District Court for the District of Colorado ("Litigation").

2. I have been informed that materials being shown or provided to me contain information that has been designated Confidential Discovery Material, as defined in the Order.

3. I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Discovery Material except as authorized in the Confidentiality Stipulation. I further represent that I will not use any Confidential Discovery Material for any purpose other than the Litigation, and that, at the termination of the Litigation, I will return all Confidential Discovery Material with which I have been provided to the counsel from whom I received such Discovery Material.

4. I hereby attest that I am not currently employed, engaged by or directly advising any competitor of the Producing Person with respect to any business matter materially related to the subject matter of this action; and I agree that I will not provide any such advice within the six months after my service has been completed in connection with this action and that I am using said information solely in connection with this action.

5. I hereby agree to abide by the terms of the Order.

6. For the purposes of enforcing the terms of the Order, I hereby submit to the jurisdiction of the Federal District Court for the District of Colorado.

Printed Name: _____

Dated: _____    Signature: _____

B-1

B-2