IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-00086-RPM-MJW

CCC Group, Inc.,
a Texas Corporation,

        Plaintiff,

v.

Martin Engineering Company,
an Illinois Corporation,

        Defendant.

---

ORDER ON THE DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT AND
DIRECTING ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)

---

        Pursuant to the Memorandum Opinion and Order dated September 17, 2008, Judgment entered on that date declaring the asserted claims of the '533 and '368 Patents to be invalid, dismissing the Plaintiff's claims of infringement and this civil action, and awarding the Defendant its costs. On October 1, 2008, the Defendant moved pursuant to Fed. R. Civ. P. 59(e) to alter or amend the Judgment, requesting adjudication of the Defendant's inequitable conduct counterclaim and a conditional ruling on the Defendant's motion pursuant to Rule 59(a) for a new trial, which was filed April 4, 2008, in combination with the Defendant's renewed motion for judgment as a matter of law under Rule 50(b).

The Defendant's counterclaim regarding purported misconduct during prosecution of the '533, '368, and '171 Patents is within the subject of another action, *Martin Engineering Company v. CCC Group, et al.,* Civil Action No. 08-cv-000274-RPM, in the United States District Court for the District of Colorado. The two actions concern the same patents and involve overlapping factual allegations. Martin's claims in Civil Action No. 08-cv-00274 and the counterclaim for a declaration of unenforceability due to inequitable conduct in this case will be adjudicated by combining the claims for trial. Because the determination of an appeal from the rulings in the judgment entered in this action on September 17, 2008, may result in reversal or modification of those rulings which may affect the antitrust claim and the counterclaim, that judgment will be entered as a final judgment pursuant to Rule 54(b) because there is no just reason for delay of an appeal.

The Defendant's motion to alter or amend the judgment for the purpose of obtaining a conditional ruling on the Defendant's motion for new trial is denied. The Defendant's motion for new trial rested in large part on the same arguments advanced by the Defendant in support of its motion for judgment as a matter of law, and those arguments have been addressed. As to the remaining arguments, there is no merit to the Defendant's argument that the jury should not have been instructed about indirect infringement or that the damages award lacked evidentiary support. To the extent that the Defendant's motion for new trial raised arguments about the propriety of the jury instructions on claim construction and the doctrine of equivalents and whether the jury should have been instructed about prosecution history estoppel, those issues are subject to appellate review under a *de novo* standard, and it is not possible at this stage to

determine whether a new trial would be required in the event the judgment were to be reversed or modified as a result of a different claim construction.

The judgment did not adjudicate the Defendant's counterclaim for a declaration of unenforceability due to inequitable conduct. It was, therefore, error to order dismissal of this civil action and the judgment must be amended accordingly. The judgment must also be amended to dismiss the Defendant's counterclaim of invalidity of the '171 Patent based on the jury's verdict. With those amendments, there is no just reason for delay of the entry of a final judgment declaring the asserted claims of the '533 and '368 Patents invalid, dismissing the Plaintiff's claims of infringement and dismissing the Defendant's claim of invalidity directed to the '171 Patent, thereby making those rulings appealable.

Based on the foregoing, it is

ORDERED, that the Clerk shall amend the judgment dated September 17, 2008, and make it a Final Judgment under Rule 54(b).

Dated: January 5, 2009

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge